FRIED, FRANK, HARRIS, SHRIVER & JACOBSON
(A Partnership Including Professional Corporations)
Ira S. Sacks, Esq. (*Appearance Pro Hac Vice Pending)*
Rita M. Odin, Esq. (*Appearance Pro Hac Vice Pending)*
One New York Plaza
New York, New York 10004
Telephone: 212/859-8000
Facsimile: 212/859-4000

O'CONNOR, COHN, DILLON & BARR
Duncan Barr, Esq. (SBN 49259)
William B. Dodero, Esq. (SBN 184521)
2405 - 16th Street
San Francisco, California 94105
Telephone: 415/281-8888
Facsimile: 415/503-4117

Attorneys for Defendant
GENERAL SEMICONDUCTOR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| SILICONIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL SEMICONDUCTOR, INC.,<br><br>Defendant. | **CASE NO. C01-20383 RMW**<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT GENERAL SEMICONDUCTOR, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CERTIFICATE OF INTERESTED ENTITIES** |

Defendant GENERAL SEMICONDUCTOR, INC. ("General Semiconductor"), by and through its undersigned counsel, as and for an answer to the complaint (the "Complaint") of

Siliconix Incorporated ("Siliconix"), and for counterclaims against Siliconix, states and alleges upon knowledge as to itself and its own actions and upon information and belief as to all other matters, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Admits the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint, except admits that Siliconix has asserted patent infringement claims in this action and further alleges that those claims are frivolous.

4. Denies the allegations contained in paragraph 4 of the Complaint, except admits that General Semiconductor transacts business in, does business, and/or may be found within the Northern District of California.

5. Denies the allegations contained in paragraph 5 of the Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF**

6. Repeats and realleges each of the denials and allegations made with respect to paragraphs 1 through 5 of the Complaint with the same force and effect as if fully set forth herein.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that there is a document styled United States Letters Patent No. 5,072,266 (the "'266 Patent"), entitled "Trench DMOS Power Transistor With Field-Shaping Body Profile and Three-Dimensional Geometry," which document was attached to the Complaint as Exhibit A; and further admits that Siliconix is the record owner by assignment of the '266 Patent.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that it makes, uses, offers for sale and/or sells certain non-infringing metal-oxide semiconductor field-effect transistor ("MOSFET") products, including without limitation its GF4420 product.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF**

11. Repeats and realleges each of the denials and allegations made with respect to paragraphs 1 through 5 of the Complaint with the same force and effect as if fully set forth herein.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits that there is a document styled United States Letters Patent No. 5,298,442 (the "'442 Patent"), entitled "Trench DMOS Power Transistor With Field-Shaping Body Profile and Three-Dimensional Geometry," which document was attached to the Complaint as Exhibit B; and further admits that Siliconix is the record owner by assignment of the '442 Patent.

13. Denies the allegations contained in paragraph 13 of the Complaint, except admits that it makes, uses, offers for sale and/or sells certain non-infringing MOSFET products including without limitation its GF4420 product.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

16. The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

17. The '266 Patent is invalid because the requirements for patentability set forth in 35 U.S.C. Part II, including but not limited to 35 U.S.C. §§ 102, 103, were not met.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

18. The '442 Patent is invalid because the requirements for patentability set forth in 35 U.S.C. Part II, including but not limited to 35 U.S.C. §§ 102, 103, were not met.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

19. Defendant has not infringed, has not induced the infringement of, and has not contributed to the infringement of the '266 Patent.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

20. Defendant has not infringed, has not induced the infringement of, and has not contributed to the infringement of the '442 Patent.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

21. Plaintiff is not entitled to equitable relief because it comes to this Court with unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

22. Plaintiff is barred from enforcing the '266 Patent under the doctrine of equitable estoppel and waiver.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

23. Plaintiff is barred from enforcing the '442 Patent under the doctrine of equitable estoppel and waiver.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

24. Plaintiff is barred, in whole or in part, from maintaining this action and/or from obtaining the relief requested in the Complaint under the doctrine of laches.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

25. Plaintiff is barred from enforcing the '266 Patent because it intentionally and/or recklessly failed to disclose relevant and material prior art to the United States Patent Office ("USPTO") during the prosecution of the patent.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

26. Plaintiff is barred from enforcing the '442 Patent because it intentionally and/or recklessly failed to disclose relevant and material prior art to the USPTO during the prosecution of the patent.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

27. Plaintiff is barred from enforcing the '266 Patent because it has misused the '266 Patent.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

28. Plaintiff is barred from enforcing the ’442 Patent because it has misused the ’442 Patent.

**COUNTERCLAIMS**

29. As and for its counterclaims against Siliconix, General Semiconductor alleges as follows:

30. Repeats and realleges each of the denials and allegations made with respect to paragraphs 1 through 15 of the Complaint and repeats and realleges paragraphs 16 through 28 above with the same force and effect as if fully set forth herein.

**JURISDICTION AND PARTIES**

31. These counterclaims arise under the patent laws of the Untied States, 35 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 (2001). Assertion of these counterclaims is proper under Fed. R. Civ. P. Rule 13.

32. Siliconix is a subsidiary of Vishay Intertechnology, Inc. (“Vishay”) and is dominated and controlled by Vishay in all of its activities relevant hereto.

**Siliconix’s Fraud On The United States Patent Office**

33. At the time that Siliconix was prosecuting the ’266 Patent, Siliconix knew or should have known of prior art that renders the ’266 Patent invalid. What is more, the diligent legal and factual investigation required prior to the filing of this litigation would surely have disclosed that art. That art was publicly available to anyone conducting a diligent search for material prior art. Siliconix intentionally or recklessly failed to disclose such prior art to the USPTO. That art directly anticipated the alleged invention and rendered the alleged invention obvious. If the omitted art had been disclosed, the ’266 Patent would not have issued.

34. At the time that Siliconix was prosecuting the ’442 Patent, Siliconix knew or should have known of prior art that renders the ’442 Patent invalid. What is more, the diligent

legal and factual investigation required prior to the filing of this litigation would surely have disclosed that art. That art was publicly available to anyone conducting a diligent search for material prior art. Siliconix intentionally or recklessly failed to disclose such prior art to the USPTO. That art directly anticipated the alleged invention and rendered the alleged invention obvious. If the omitted art had been disclosed, the ’442 Patent would not have issued.

**The Products at Issue**

35. MOSFETs, the technology at issue, consist of a silicon chip cut from a silicon wafer. The silicon chip is packaged and then inserted into an electronic circuit. A key determinant of MOSFET performance is the density of cells on a silicon wafer (*i.e.*, cell density). Higher cell density results in lower on-resistance and lower gate charge – two measures of MOSFET performance – thereby reducing power consumption and increasing efficiency. MOSFET efficiency has a direct impact upon the performance, cost, and size of the devices in which MOSFETs are used. For example, the shrinking size of cellular telephones, notebook computers and Personal Digital Assistants (PDAs) over the last decade is partly attributable to the reduction in the size of semiconductor components resulting from increases in cell density of low-voltage MOSFETs. This development also has allowed cellular telephone makers to realize extended battery life by improving circuit efficiency.

36. Most low-voltage MOSFETs sold today use wafer fabrication processes that generate cell densities of 49 million cells per square inch or more, with the industry more recently moving toward 82 million cells per square inch. In April 2001, however, General Semiconductor announced that it had developed and produced a low-voltage MOSFET whose wafer cell density is 200 million cells per square inch (“200 million cell technology”) and is based upon an advanced and proprietary silicon process.

37. General Semiconductor and Siliconix manufacture and sell low-voltage MOSFETs to customers throughout the United States and the world. The largest four players selling low-voltage MOSFETs are Siliconix, Fairchild Semiconductor International

("Fairchild"), International Rectifier Corporation ("IR") and ON Semiconductor Corporation ("ON").

38. General Semiconductor is a new entrant into the low-voltage MOSFET markets. It has invested heavily in developing its low-voltage MOSFETs and is experiencing substantial success in convincing manufacturers of portable consumer products (*e.g.* cellular telephones) to design those products to use General Semiconductor's new low-voltage MOSFETS. Its new 200 million-cell technology is a technological breakthrough that will greatly benefit consumers.

**Siliconix's Anticompetitive Behavior**

39. Siliconix has illegally competed in the low-voltage MOSFET business in the United States. It has done so, *inter alia*, by perpetrating fraud on the USPTO and filing objectively and subjectively baseless patent litigation against General Semiconductor and Fairchild.

40. In 1998, Vishay acquired a majority interest in Siliconix and is now seeking to acquire those shares of Siliconix not already owned by it.

41. On April 2, 2001, Vishay made an unsolicited bid to acquire General Semiconductor, which bid was rejected by General Semiconductor's Board of Directors (the "Board") on April 18, 2001.

42. On or about April 24, 2001, after General Semiconductor's rejection of its unsolicited bid, Vishay sent a letter to the Board demanding re-evaluation of its offer, alleging that General Semiconductor's MOSFET products infringe the patented technology of Vishay's subsidiary Siliconix and threatening to take action against General Semiconductor for such alleged infringement.

43. General Semiconductor responded to Vishay's April 24 letter in a letter dated April 25, 2001, reporting that the Board saw no reason to reconsider its prior rejection of Vishay's proposal. The April 25 letter also observed that Vishay's patent infringement allegation was disruptive and self-serving and that its timing was "an attempt to be coercive."

44. On April 25, 2001, Siliconix filed this action. Vishay ordered the filing of this action and Siliconix acted only as Vishay's cat's paw in doing so. Indeed, in all respects material to these counterclaims, Siliconix acted as the agent of Vishay and Siliconix's corporate formalities were ignored.

45. The claims filed in this action are both objectively and subjectively baseless. Siliconix knew (or with the exercise of care would have known) that there existed no good faith basis for alleging that General Semiconductor's products infringe any valid claims of the '266 Patent or the '442 Patent. Rather, the Complaint was filed solely in an attempt to wrongfully compete in the low-voltage MOSFET business in the United States and to pressure General Semiconductor to accept an acquisition proposal from Vishay.

46. Moreover, at the time that the Complaint was filed, Siliconix knew (or with the exercise of care would have know) that both the '266 Patent and the '442 Patent were invalid and that they had been procured by intentional fraud.

47. Siliconix has not only pursued such baseless litigation against General Semiconductor. In 1999, Siliconix filed a frivolous patent infringement action against Fairchild for alleged infringement of the '266 Patent and the '442 Patent in the United States District Court for the Northern District of California (Oakland Division), C99-04797 SBA, which action is currently pending.

**FIRST COUNTERCLAIM**
**(Misuse and Unfair Competition)**

48. General Semiconductor repeats and realleges paragraphs 29 through 47 above with the same force and effect as if fully set forth herein.

49. Siliconix filed the Complaint alleging infringement of the '266 Patent despite the fact that it knew (or should have known) that General Semiconductor's MOSFET products do not infringe the '266 Patent and/or that the '266 Patent is invalid and/or unenforceable.

50. Siliconix filed the Complaint alleging infringement of the ’442 Patent despite the fact that it knew (or should have known) that General Semiconductor’s process for manufacturing MOSFET products does not infringe the ’442 Patent and/or that the ’442 Patent is invalid and/or unenforceable.

51. Siliconix filed the Complaint with specific bad faith intent to unfairly compete with General Semiconductor in the sale of low-voltage MOSFETs in the United States and for the unlawful purpose of forcing General Semiconductor to accept Vishay’s unsolicited bid to acquire General Semiconductor.

52. General Semiconductor has been and will continue to be injured by Siliconix’s misconduct.

53. General Semiconductor is entitled to damages in an amount to be determined at trial, as well as punitive damages, interest, reasonable attorney’s fees and costs.

54. General Semiconductor has no adequate remedy at law and therefore is entitled to a preliminary and permanent injunction prohibiting Siliconix’s illegal behavior.

## SECOND COUNTERCLAIM
**(Misuse and Unfair Competition)**

55. General Semiconductor repeats and realleges paragraphs 29 through 54 above with the same force and effect as if fully set forth herein.

56. Siliconix procured the ’266 Patent by committing fraud on the USPTO at the time that the ’266 Patent was being prosecuted and, but for such fraud, the ’266 Patent would not have issued.

57. Siliconix procured the ’442 Patent by committing fraud on the USPTO at the time that the ’442 Patent was being prosecuted and, but for such fraud, the ’442 Patent would not have issued.

58. Despite the fact that the ’266 Patent and ’442 Patent were procured by fraud, Siliconix filed the Complaint to enforce the ’266 Patent and the ’442 Patent.

59. Siliconix filed the Complaint with specific bad faith intent to unfairly compete with General Semiconductor in the sale of low-voltage MOSFETs in the United States and for the unlawful purpose of forcing General Semiconductor to accept Vishay’s unsolicited bid to acquire General Semiconductor.

60. General Semiconductor has been and will continue to be injured by Siliconix’s misconduct.

61. General Semiconductor is entitled to damages in an amount to be determined at trial, as well as punitive damages, interest, reasonable attorney’s fees and costs.

62. General Semiconductor has no adequate remedy at law and therefore is entitled to a preliminary and permanent injunction prohibiting Siliconix’s illegal behavior.

## PRAYER FOR RELIEF

WHEREFORE, General Semiconductor respectfully requests that this Court enter judgment against Siliconix as follows:

1. Declaring that United States Letters Patent Nos. 5,072,266 and 5,298,442 are invalid and unenforceable and have not been infringed by General Semiconductor;

2. Granting General Semiconductor a preliminary and permanent injunction prohibiting Siliconix’s illegal behavior;

3. Awarding General Semiconductor actual damages in an amount to be determined at trial, together with punitive damages, interest, attorney’s fees and costs; and

//

//

//

4. Awarding General Semiconductor such other and further relief as the Court deems just and proper.

DATED: July 2, 2001

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON

O'CONNOR, COHN, DILLON & BARR

By: ______/s/ Duncan Barr____________
Duncan Barr

Attorneys for Defendant
GENERAL SEMICONDUCTOR, INC.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. Rule 38(b), Defendant/Counterclaim-Plaintiff General Semiconductor, Inc. demands a trial by jury on all issues triable by a jury.

DATED: July 2, 2001

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON

O'CONNOR, COHN, DILLON & BARR

By: ______/s/ Duncan Barr____________
Duncan Barr

Attorneys for Defendant
GENERAL SEMICONDUCTOR, INC.

//

//

## L.R. 3-16 CERTIFICATE OF INTERESTED ENTITIES

Pursuant to Civil L.R. 3-16, the undersigned attorney of record for defendant General Semiconductor, Inc., certifies that, as of this date, other than the named defendant which defendant is a publicly held corporation, there is no such interest to report.

DATED: July 2, 2001

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON

O'CONNOR, COHN, DILLON & BARR

By: ______/s/ Duncan Barr____________
Duncan Barr

Attorneys for Defendant
GENERAL SEMICONDUCTOR, INC.